UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RANDY D. FRENCH, and
CINDY LOU FRENCH,   )
                    )
     Plaintiffs,    )
                    )
     v.             )   No. 4:12 CV 2378 DDN
                    )
JAMES E. HAGGARD,   )
                    )
     Defendant.     )

## MEMORANDUM AND ORDER

This action is before the court on the unresponded to motion of plaintiffs to determine the validity of an attorney's lien placed on plaintiffs by their former legal counsel. (Doc. 53.)

## BACKGROUND[1]

### First Case

Plaintiffs Randy D. French and Cindy Lou French, citizens of Colorado, were injured in a motor vehicle accident with defendant James E. Haggard, a citizen of Nebraska, on December 27, 2007, in Warren County, Missouri. On May 4, 2009, plaintiffs filed the first of two lawsuits in this court under 28 U.S.C. § 1332. (French v. Haggard, 4:09 CV 682 DDN, doc. 1.). They made six claims against defendant: two for negligence, two for per se negligence, and two for subrogation. ( Id.) Their attorneys at the time of filing were William G. Fischer, Esq., and Rosemary B. Rizk, Esq. of the law firm of McKinney & Associates (McKinney law firm), both located in Colorado Springs, Colorado, at different addresses.

In their motion before the court, plaintiffs allege the following regarding Mr. Fischer's representation of them. On June 5, 2009, Mr. Fischer sent plaintiffs an e-mail

___
[1] Unless cited otherwise, all citations to documents refer to those filed in the current case before the court, French v. Haggard, 4:12 CV 2378 DDN.

regarding interrogatories and a document request. (Doc. 53-7.) Mr. Fischer also confirmed a meeting with plaintiffs to discuss the interrogatories and document request on June 18, 2009 at 1:30 p.m. (Id.) On June 8, 2009 attorney Rizk withdrew as counsel. (French v. Haggard, 4:09 CV 682 DDN, docs. 12, 13.) No attorney from the McKinney law firm ever entered to replace her.

On June 16, 2009 at 10:34 a.m., attorney Fischer, plaintiffs' sole counsel, sent plaintiffs a two-sentence email, which stated, "I understand that you are unhappy with my representation of you. Please find a replacement attorney at your earliest convenience and advise me of his/her name." (Doc. 53-8.) Mr. Fischer sent another email to plaintiffs a few hours later at 1:49 p.m., stating,

> As indicated in my previous email to you today, you continue to express dissatisfaction with my representation of you, hence I no longer wish to remain as your attorney. It is important that you find replacement counsel as quickly as possible. There is a telephone Conference with the U.S. Magistrate Judge, on June 25, 2009 @ 1:30 p.m., at which I will appear to protect your interest, unless you have replacement counsel by that date. Again, it is important that you seek another attorney to represent your interest as quickly as possible.

(Doc. 53-9.) According to plaintiffs, they did not know what "dissatisfaction" attorney Fischer referred to, and neither they nor Mr. Fischer had brought up any concerns regarding his representation of them before these emails. (Docs. 53-8, 53-9.)

On June 17, 2009, attorney Fischer filed a motion captioned, "Unopposed Motion To Vacate Rule 16 Conference and Extend Time To Answer Interrogatories." The motion stated that "irreconcilable differences" had arisen between plaintiffs and attorney Fischer and that plaintiffs were in the process of retaining replacement counsel. (French v. Haggard, 4:09 CV 682 DDN, doc. 16.)

On July 15, 2009, plaintiffs filed a *pro se* motion for enlargement of time to locate acceptable replacement counsel. (Id., doc. 19.) The court granted this motion. (Id., doc. 20.)

On November 21, 2009, attorneys John J. Pawloski, Esq., and John Rooney, Esq. entered their appearances on behalf of plaintiffs. (Id., doc. 21.)

On November 23, 2009, attorney Fischer moved for leave to withdraw as plaintiffs' attorney. Other than plaintiffs' retaining new counsel, Mr. Fischer gave no reason for withdrawing from representing plaintiffs. (Id., doc. 22.) The court sustained this motion on November 24, 2009. (Id., doc. 23.)

Thereafter, a Rule 16 scheduling conference was set for February 11, 2010. (Id., doc. 24.) The Rule 16 Scheduling Conference was held as set and a Case Management Order was issued. (Id., docs. 27, 28.) Further proceedings in the case occurred. An amended Case Management Order was issued. (Id., docs. 42, 44.)

Following other proceedings, on plaintiffs' unopposed motion, the court dismissed the action without prejudice on June 29, 2011. (Id., docs. 57, 60.)

Assertion of attorney's lien

By letter dated April 7, 2010, after he withdrew from representing plaintiffs, Mr. Fischer notified defendant's counsel and plaintiffs' new attorneys that he had a lien against any settlement or judgment in this matter in the amount of $10,269.58. (Doc. 53-3.) He stated this amount was comprised of costs advanced by him and incurred by the McKinney law firm. (Id.) Mr. Fischer provided an itemized list of services and expenses. (Id. at 2–6.)

Second Case

On December 26, 2012, plaintiffs, now represented by William P. Hogan, Esq., commenced the instant action, based on the same incident, against defendants GEICO Insurance Company and James E. Haggard, under 28 U.S.C. § 1332. (Doc. 1.)[2] Plaintiffs alleged six claims against defendant Haggard: two each for negligence, per se

---

[2] See footnote 1.

negligence, and subrogation. (Id. at 1–7.) Plaintiffs also alleged one claim of vexatious refusal to pay against GEICO. (Id. 7–9.) GEICO was dismissed as a defendant on June 17, 2013. (Doc. 26.)

On June 27, 2014, the court was notified that the parties achieved a settlement through mediation. (Doc. 44.) Plaintiffs were ordered to file a stipulation for dismissal based on their settlement within 30 days. (Doc. 45.) The court granted plaintiffs two extensions of time, ultimately through September 30, 2014. (Docs. 47, 49.) On October 31, 2014, plaintiffs responded to an order to show cause issued by this court stating they were attempting to work out the above-referenced attorney's lien as well as other costs. (Doc. 51.)

On November 14, 2014, plaintiffs filed the instant motion requesting an order declaring the lien asserted by Mr. Fischer for him and the McKinney law firm be extinguished, because plaintiffs have already paid them $4,113.01 and because they abandoned plaintiffs without just cause during the previous case. (Doc. 53 at ¶¶ 8–11.) Plaintiffs have certified that they served a copy of their motion on counsel for defendant by the court's electronic filing system and on attorney Fischer and the McKinney law firm by U.S. Mail. (Id. at 3.)

On April 29, 2015, this court ordered the clerk of the court to serve plaintiffs' motion (doc. 53) on plaintiffs' former lawyers, William G. Fischer, Esq. and Rosemary B Rizk, Esq., at the law firm of McKinney and Associates, P.C. (Doc. 54.) The clerk of the court served both attorneys Fischer and Rizk via email on April 30, 2015, but was unable to confirm receipt. (Id.) Therefore, a copy of the motion was sent to both attorneys to their addresses on file via certified mail. (Id.) A response was due on May 12, 2015. (Id.) On May 12, 2015, the motion sent to attorney Fischer was returned as undeliverable. (Doc. 55.) No such return has been noted regarding the motion sent to attorney Rizk at the McKinney law firm. To date, no response to this motion has been filed by either attorney Fischer, attorney Rizk, or the McKinney law firm.

## II. DISCUSSION

Title 28 U.S.C. § 1367 grants the court subject matter jurisdiction to decide the motion before it. "The district court is required to exercise supplemental jurisdiction over claims 'that are so related to [the] claims in the action within such original jurisdiction that they form part of the same case or controversy' unless one of the enumerated circumstances giving the district court discretion to decline jurisdiction is present." Brown v. Mortgage Electr. Registration Sys., Inc., 738 F.3d 926, 933 (8th Cir. 2013) (quoting 28 U.S.C. § 1367(a)). This provides a "broad grant of supplemental jurisdiction over other [related] claims." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 558 (2005).

Supplemental jurisdiction, under 28 U.S.C. § 1367(a), exists to determine the validity of an attorney's lien due to its "high degree of relatedness" to the underlying claim. Elusta v. City of Chicago, 696 F.3d 690, 694 (7th Cir. 2012). "Resolution of related fee disputes is often required to provide a full and fair resolution of the litigation." Kalyawongsa v. Moffett, 105 F.3d 283, 287–88 (6th Cir. 1997); see, e.g., Davis v. King, 560 F. App'x 756, 759 (10th Cir. 2014); Exact Software North America, Inc. v. DeMoisey, 718 F.3d 535, 544 (6th Cir. 2013); Kant v. Seton Hall Univ., 422 F. App'x 186, 188 n.3 (3d Cir. 2011); Boykin v. McCoy, 384 F. App'x 579, 581 (9th Cir. 2011) (mem.); Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 448–49 (2nd Cir. 1998). "An attempt to establish an attorneys' lien is a related disputed to the main action." Zack v. City of Minneapolis, 601 F. Supp. 117, 119 n.1 (D. Minn. 1985).

There is no federal common law or statute providing for an attorney's lien. Therefore, the court must follow its forum state's law, *i.e.* Missouri. See, e.g., Panola Land Buying Ass'n v. Clark, 844 F.2d 1506, 1514 (11th Cir. 1988); Adams, George, Lee, Schulte, & Ward, P.A. v. Westinghouse Elec. Corp., 597 F.2d 570, 573 (5th Cir. 1979); Anderson v. Farmers Co-Op Elevator Ass'n, Inc., 874 F. Supp. 989, 991 (D. Neb. 1995).

Under Missouri law,

> [t]he compensation of an attorney or counselor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof in whosesoever hands they may come; and cannot be affected by any settlement between the parties before or after the judgment.

Mo. Rev. Stat. 484.130.

This right to compensation, however, is limited by the client's freedom to change counsel. Int'l Materials Corp. v. Sun Corp., Inc., 824 S.W.2d 890, 894 (Mo. 1992) (en banc). A lawyer's compensation when he has withdrawn from a case before its completion is determined by whether or not the lawyer had "just cause" for withdrawing. "The general rule is that a lawyer who abandons or withdraws form a case, without justifiable cause, before termination of a case and before the lawyer has fully performed the services required, loses all right to compensation for services rendered." Id. at 894; see also, Augustson v. Linea Aerea Nacional-Chile S.A. (LAN-Chile), 76 F.3d 658, 662 (5th Cir. 1996); accord In re Carlson, 263 F.3d 748, 750 (7th Cir. 2001) (lawyer has a legally enforceable interest in a potential contingent fee unless representation is terminated for wrongful conduct by the lawyer).

Just cause for withdrawing is generally based upon some action of the client. The mere fact a case may be arduous and expensive is not just cause for a lawyer's withdrawal, absent indications a client hindered negotiations or made unreasonable demands. Kyle v. Glickman, No. Civ. A. 99-3111, 2001 WL 35996143, at *4 (E.D. La. June 29, 2001). If a firm accepts a client and knows that specialized experience is needed, subsequently dropping that client because the firm does not have that experience is not a justifiable reason. See Carbonic Consultants, Inc. v. Herzfeld & Rubin, Inc., 699 So. 2d 321, 324 (Fla. Dist. Ct. App. 1997). Examples of justifiable cause include "insistence on the assertion of a fraudulent claim; failure to cooperate; refusal to pay;

humiliation of the attorney or other similar conduct on part of the client." Lewis v. Haskell Slaughter Young & Rediker, LLC, 582 F. App'x. 810, 813 (11th Cir. 2014).

The record before the court establishes that on June 8, 2009, attorney Rizk and the McKinney law firm withdrew from representing plaintiffs, and on November 23, 2009, attorney Fischer withdrew from representing them. Neither Ms. Rizk nor Mr. Fischer provided the court a reason for withdrawing other than plaintiffs retained new counsel. No statement by Mr. Fischer or Ms. Rizk specified what any differences were between them and the plaintiffs which would justify their leaving the case. (Docs. 53-7, 53-8, 53-9.)

Plaintiffs have provided credit card statements and a receipt from the McKinney law firm regarding payments the plaintiffs made prior to Mr. Fischer and Ms. Rizk leaving the case. (Docs. 53-4, 53-5, 53-6.) Plaintiffs have paid Mr. Fischer and the McKinney law firm $4,113.01 to date. (Docs. 53-4, 53-5, 53-6.) The two itemized bills from Mr. Fischer and the McKinney law firm total $10,269.58. (Doc. 53-3.) These bills show one payment made by plaintiffs on May 12, 2009 in the amount of $349.20. (Doc. 53-3 at 4.)

The court finds and concludes that the McKinney law firm and Mr. Fischer abandoned plaintiffs before the conclusion of their first lawsuit in 2009. No justifiable reason for this abandonment has been established in response to the motion. Therefore, the lien asserted by Mr. Fischer and the McKinney law firm against plaintiffs is invalid and they are not entitled to any of the settlement proceeds of this judicial litigation, either in Case No. 4:09 CV 682 DDN or Case No. 4:12 CV 2378 DDN.

Therefore,

**IT IS HEREBY ORDERED** that plaintiffs' motion (doc. 53) is sustained. The lien asserted by attorney William Fischer on behalf of himself and the McKinney & Associates law firm against plaintiffs Randy D. French and Cindy Lou French is invalid.

**IT IS FURTHER ORDERED** that current counsel file, within twenty-one (21) days of the date of this order, a stipulation for dismissal, a motion for leave to voluntarily

dismiss, or a proposed consent judgment. Failure to comply timely with this order may result in the dismissal of this action with prejudice.

/S/   David D. Noce<br>**UNITED STATES MAGISTRATE JUDGE**

Signed on May 13, 2015